# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PEGGY LENOIR,<br><br>        Plaintiff,<br><br>    v.<br><br>ALBERTSONS, LLC,<br><br>        Defendant. | Case No. 2:23-cv-01066-RFB-MDC<br><br>**ORDER** |

Before the Court is the (ECF No. 27) Motion for Summary Judgment by Defendant Albertsons, LLC ("Albertsons"). For the following reasons, the Court grants the Motion.

## I.    PROCEDURAL HISTORY

On June 2, 2023, Plaintiff filed her Complaint in the Eighth Judicial District Court, Clark County, Nevada, which was removed to this Court on July 11, 2023. ECF No. 1. On June 5, 2024, Plaintiff's counsel moved to withdraw from the case after Plaintiff terminated her. ECF No. 19. Withdrawal was granted and the case deadlines were extended to provide Plaintiff to find new counsel or indicate whether she would proceed *pro se* by August 1, 2024. ECF No. 21. Plaintiff did not advise the Court, and on August 15, 2024, the Court found Plaintiff to be proceeding *pro se*. ECF No. 22. On September 10, 2024, Plaintiff filed a notice of entry of the order granting her counsel's motion to withdraw. ECF No. 26. Pursuant to the Court's scheduling order, discovery concluded on December 9, 2024. ECF No. 21.

On January 7, 2025, Defendant filed the instant Motion for Summary Judgment. ECF No. 27. Plaintiff's response to the motion was due on January 31, 2025. ECF No. 28. Plaintiff did not

file a response. On August 28, 2025, the Court held a Motion hearing in which Plaintiff did not appear until after the hearing was adjourned and defense counsel had left. ECF No. 31. The Court reopened the record to note Plaintiff's appearance and informed her of the instant Order that would issue. Id.

## II. FACTUAL BACKGROUND

Plaintiff's Complaint for negligence against Defendant alleged that on June 8, 2021, Plaintiff was on Defendant Albertsons' premises when she was struck by an umbrella that was being transported by Albertsons employee Jeremiah Lee Smith. Plaintiff was injured and suffered damages as a result of the incident.

According to Defendant's briefing, on August 15, 2024, its counsel served Requests for Admission on Plaintiff at her address by U.S. Mail, pursuant to Federal Rule of Civil Procedure 36. Plaintiff did not respond, and thereby admitted the following: (1) Plaintiff saw the large umbrella prior to allegedly being struck by it; (2) Plaintiff had enough time to take steps to avoid being struck by the large umbrella; (3) Plaintiff failed to take reasonable steps to avoid being struck by the large umbrella; (4) Albertsons' employee was using due care in pushing the cart holding the large umbrella; (5) There is nothing Albertsons could have done to avoid the subject incident; (6) Albertsons' employee did not breach any duty owed to Plaintiff; (7) The large umbrella was properly secured; (8) The large umbrella was being transported through the store safely; (9) The Albertsons' employee had been properly trained for his job duties, including pushing a cart with a large umbrella; (10) The Albertsons' employee pushing the car with the large umbrella on it was not a dangerous condition; (11) Albertsons followed proper procedures in hiring its employees; (12) Albertsons was not negligent in hiring its employees.   .

## III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

1   Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive
2   law governing a matter determines which facts are material to a case. Anderson v. Liberty Lobby,
3   477 U.S. 242, 248 (1986). When considering the propriety of summary judgment, the court views
4   all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v.
5   City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the
6   nonmoving party "must do more than simply show that there is some metaphysical doubt as to the
7   material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find
8   for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380
9   (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to
10  resolve genuine factual disputes or make credibility determinations at the summary judgment
11  stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### IV.   DISCUSSION

The Court finds there is no dispute of fact material to Plaintiff's negligence claim and Defendant is entitled to summary judgment as a matter of law.

A claim for negligence in Nevada requires that the plaintiff satisfy four elements: (1) an existing duty of care, (2) breach, (3) legal causation, and (4) damages. PHWLV, LLC v. House of CB USA, LLC, 554 P.3d 715, 719 (2024).

Requests for Admissions (RFAs) under Federal Rule of Civil Procedure 36 may be served on another party regarding the truth of discoverable facts and "the application of law to fact, or opinions about either." Fed R. Civ. P. 36(a)(1). If the party to whom the request is directed fails to respond or stipulate to a longer time for responding, a matter is deemed admitted. Fed R. Civ. P. 36(a)(3). A matter admitted under this rule is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). An admission, including an admission resulting from a failure to respond, cannot be amended or withdrawn except by leave of court after noticed motion. 999 v. C.I.T. Corp., 776 F.2d. 866, 869 (9th Cir. 1985).

Plaintiff failed to respond to Defendant's RFAs, and thereby admitted that Defendant did

not breach a duty of care owed to her because, *inter alia*, (1) its employee was using due care in transporting the umbrella that struck her; (2) the umbrella was safely secured; and (3) there was nothing Albertsons could do to avoid the umbrella striking her. Plaintiff has not moved to withdraw her admissions by failure to respond to Defendant's RFAs, nor opposed Albertsons' Motion for Summary Judgment. Accordingly, there is no dispute that Defendant did not breach a duty of care to Plaintiff, and Defendant is entitled to judgment as a matter of law.

## V.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's (ECF No. 27) Motion for Summary Judgment is **GRANTED**. The Clerk of Court is instructed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that Plaintiff may move to reopen this case and vacate the judgment by filing a motion for reconsideration for mistake, inadvertence, surprise, or excusable neglect pursuant to Federal Rule of Civil Procedure 60 within 28 days of the entry of this Order. In this motion, Plaintiff would need to explain the circumstances which led to her not being able to respond to Defendant's Request for Admissions or Motion for Summary Judgment. If the Court finds there is good cause or a reasonable explanation for the failure, the Court will reopen the case and vacate the judgment. Plaintiff is directed to the Court's self-help resources for *pro se* litigants, which can be found at https://www.nvd.uscourts.gov/self-help-portal/.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly instructed to send Plaintiff a courtesy copy of this Order.

**DATED:** September 26, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**